UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY COLLINS, et al,<br><br>                Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, N.A.<br><br>                Defendant. | No.  2:23-cv-02676-DAD-KJN<br><br>ORDER |

On December 6, 2023, defendant Wells Fargo Bank, N.A filed a motion to dismiss.[1] (ECF No. 9.)  Defendant noticed its motion for a hearing to take place on February 27, 2024, at 9:00 a.m. before the undersigned.  (Id.)  Pursuant to this court's Local Rules, any opposition to the motion was to be filed and served no later than fourteen (14) days after the date the motion was filed; i.e., by December 20, 2023.  Further, a responding party who has no opposition to the granting of the motion is required to serve and file a statement of non-opposition.  See E.D. Cal. L.R. 230(c) ("[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question").  That deadline has now passed, and plaintiffs have not filed either a statement of opposition or a statement of non-opposition.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See e.g., Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court").

Here, plaintiffs, who proceed without counsel, have failed to file a written opposition or statement of non-opposition by the required deadline, and therefore have not complied with Local Rule 230(c).  Further, plaintiffs' failure to file any opposition indicates to the court that plaintiffs may be consenting to the dismissal of this action.  See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").  Thus, plaintiffs' claims are subject to dismissal.

Given plaintiffs' pro se status, the court will not recommend dismissal at this time. Instead, the court will vacate the February 27, 2024 hearing, and provide plaintiffs one final opportunity to either respond to defendant's motion to dismiss or to file a statement of non-opposition.  See L.R. 230(c) ("[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party....").  After the expiration of the deadlines below, the court will decide the matter on the record and written briefing only.  Plaintiff is cautioned that any further failure to comply with the court's Local Rules and this order by failing to file either an opposition or statement of non-opposition will be construed as non-opposition to the motion and will constitute additional grounds for dismissal under Rule 41(b).

////

////

////

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The February 27, 2024 hearing on defendant's motion to dismiss (ECF No. 9) is VACATED;

2. Within fourteen (14) days of this order, plaintiffs shall file a written opposition to defendant's motion to dismiss, or a statement of non-opposition;

    a. Plaintiffs' failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiffs' entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

3. Within seven (7) days of any opposition, defendant may file a written reply.

Dated: January 8, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

coll.2676

3