UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY COLLINS, et al., | Case No. 2:23-cv-02676-DAD-CSK |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS BE GRANTED |
| v. | |
| WELLS FARGO , | |
| Defendant. | (ECF No. 9) |

Plaintiffs Steven Ray Collins and Sharon Lavette Collins are proceeding in this action pro se. (ECF No. 1.)[1] Pending before the Court is Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is fully briefed. (ECF Nos. 9, 12, 18.) For the reasons stated below, the Court recommends GRANTING Defendants' motion to dismiss without leave to amend. The Court also recommends that Plaintiff's motion for preliminary injunction (ECF No. 2) be DENIED as moot.

I.  **BACKGROUND**

In November 2004, Plaintiffs obtained a loan from Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo Bank") predecessor-in-interest, World Savings Bank, in the amount

---

[1] This matter was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

of $185,000.00, secured by a first Deed of Trust against their property located at 5543 Danjac Circle, Sacramento, CA 95822 ("Property"). Compl. at 12, 170 (ECF No. 1); Defs. Request for Judicial Notice ("RJN"), Exh. F, G (ECF No. 10).[2] In December 2006, Plaintiffs obtained a second loan from World Savings Bank in the amount of $200,000, secured by a second Deed of Trust against their Property. Compl. at 160; RJN, Exh. I at 51. The second loan was a home equity loan. *Id*. On November 1, 2009, after a series of name changes and mergers, Wells Fargo Bank became Plaintiffs' lender. RJN, Exhs. B-D. From 2009 to 2011, Plaintiffs fell behind on their loan payments and on April 19, 2011, a Notice of Default was recorded showing $10,258.70 in arrears. RJN, Exh. H. From 2009 to 2023, Plaintiffs applied for loan modifications with Wells Fargo Bank. Compl. at 17-22, 56, 143-148; RJN, Exh. J at 98-99.

In March 2016, Clear Recon Corp. was substituted as the new Trustee under the second Deed of Trust for the Property. RJN, Exh. I. Clear Recon Corp. pursued foreclosure on the loan on multiple occasions, the first was on April 6, 2018 when a Notice of Trustee's Sale was recorded for a sale to take place on May 17, 2018 (RJN, Exh. I at 91) and a second time was when a Notice of Trustee's Sale was recorded on August 17, 2023 for a sale to take place on September 21, 2023 (RJN, Exh. L). It appears the trustee's sale has not yet occurred. *See* Defs. Mot. at 9, fn.5.

---

[2] In support of its motion to dismiss, Defendants request that the Court take judicial notice of 12 exhibits. (ECF No. 10.) The request is granted in its entirety. When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one of summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, and when cited, the Court relies on certain undisputed facts from documents attached to the complaint, documents filed alongside the parties' briefing, recorded notices related to the loan, deed of trust, and foreclosure proceedings, and other documents related to Plaintiff's previous cases. *See Hyatt v. Yee*, 871 F.3d 1067, 1076 (9th Cir. 2017) (judicial notice proper of documents from administrative and judicial proceedings); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (finding judicial notice proper for exhibits "on which the Complaint necessarily relies"); *see also Gamboa v. Tr. Corps*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

Between 2011 and 2023, Plaintiffs filed multiple bankruptcies in the Eastern District of California. Compl. at 155, 194; Defs. Mot. at 9 (identifying at least eight bankruptcies filed in the Eastern District of California United States Bankruptcy Court, including: Case No. 11-39208, Case No. 11-46417, Case No. 14-25862, Case No. 14-32084, Case No. 18-20835, Case No. 18-23072, Case No. 18-25595, Case No. 23-23283). Plaintiff has also conceded this is accurate. *See* Compl. at 42 ("Plaintiffs have filed chapter 13 over a span Wells Fargo[] counts – eight in all.").

### A. The 2018 State Court Action

On September 12, 2018, Plaintiffs filed a state court action in Sacramento County Superior Court against Clear Recon Corp and Wells Fargo Bank ("state court defendants"). RJN, Exh. I at 47. Plaintiffs asserted eight causes of action challenging the state court defendants' pre-foreclosure conduct. *Id*. at 52-63. Plaintiffs claimed the state court defendants violated state law by (1) recording the Notice of Default without satisfying due diligence requirements pursuant to California Civil Code Section 2923.5 (*id*. at 53-55); (2) failing to assign a "single point of contact" from Wells Fargo Bank to help with Plaintiffs' loan modification in violation of California Civil Code Section 2923.7 (*id*. at 55-57); (3) failing to give proper notice of Plaintiff's default and acceleration of the loan in breach of the loan agreement (*id*. at 57-59); (4) failing to give proper notice of Plaintiff's default and acceleration of the loan in breach of the implied covenant and engaging in "dual lending practices" (*id*. at 59-60); (5) failing to give proper notice to Plaintiffs regarding foreclosure proceedings amounting to negligence (*id*. at 60-61); (6) violating California Civil Code Section 2924.12, thereby entitled Plaintiffs to declaratory relief by enjoining the trustee's sale from taking place pending resolution of the state court matter (*id*. at 61); (7) failing to provide proper notice of assignment of Plaintiffs' deed of trust of their Property in violation of California Civil Code Section 2937 (*id*. at 62); and (8) engaging in unfair competition pursuant to California Business and Professions Code Section 17200, *et seq*. (*id*. at 63).

/ / /

The state court dismissed the breach of contract (third cause of action), breach of implied covenant (fourth cause of action), negligence (fifth cause of action), and notice of assignment (seventh cause of action) after a series of demurrers. RJN, Exh. J at 96. The state court action proceeded on the second amended complaint. *Id*. On July 10, 2020, the state court granted state court defendants' motion for summary judgment, or in the alternative, summary adjudication on all remaining claims and dismissed the action with prejudice. RJN, Exh. J. On July 30, 2020, judgment was entered in favor of state court defendants and against Plaintiffs. RJN, Exh. K.

### B. The 2023 Federal Court Action[3]

Plaintiffs filed this federal action on November 15, 2023 against Wells Fargo Bank and Wells Fargo & Company. Compl. Defendant Wells Fargo Bank was also a named defendant in the state court action. RJN, Exh. I. Similar to the 2018 state court action, Plaintiffs' complaint here also challenges the foreclosure proceedings of Plaintiffs' loans with Wells Fargo Bank. Plaintiffs asserts 62 causes of action in the federal complaint. Compl. at 95-123. All of Plaintiffs' causes of action raise a variety of violations of the Fair Housing Act ("FHA") pursuant to 42 U.S.C. 3601, *et seq*. in relation to the loan modification requests, pre-foreclosure conduct and bankruptcy proceedings. *Id.* For example, Plaintiffs allege Wells Fargo Bank did not provide "alternative[s] to foreclosure" (Compl. at 95, 98, 106); violated FHA servicing by foreclosing on "Plaintiffs' first mortgage" (*id*. at 95); failed to "review Plaintiff[s' loan modification] application in a timely manner" prior to "foreclosing on Plaintiffs' Property" (*id*. at 96); failed to "provide protection and options before Chapter 13 filing" (*id*. at 97); "mishandle[d] the [loan] modification process" (*id*. at 98); failed to provide a "single point of contact who must communicate the process to apply for a loan 'modification'" (*id*. at 99); "refus[ed] to

---

[3] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiffs as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court does not assume the truth of any conclusory factual allegations, nor does it rely on legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

4

review Plaintiff [s'] loan documents" (*id*. at 100); "discriminate against the Plaintiffs based on the loan" (*id*. at 101); caused "damages that [arose] from acts of negligence and the possibility or the foreseeable harm from basics accounting maintenance and servicing of records that continue from 2008 – 9-21-2023" (*id*. at 104); issued "excessive fees, deceptive accounting, forced insurance, junk fees creating financial harm causing [loan] balances to increase and plaintiffs equity to decrease" (*id*. at 105); "maintained a pattern of unfair discriminatory acts" and "discriminatory conduct" (*id*. at 109, 120); "failed to provide loan documents needed for refinance before sale of" Plaintiffs' Property (*id*. at 111); "mislead the [state] court with misrepresentation of a material fact" (*id*. at 112); failed to "respond carefully and completely to a care of duty incorrect loan number, foreclosing on the 2nd mortgage, misrepresentation and deceit" (*id*. at 113); "denied a reasonable request for a loan pay off to stop [Plaintiffs'] home from actions of foreclosure and bankruptcy" (*id.* at 114); engaged in 'dual track' foreclosures since 2008-9/21/2023 date of last trustee sale [and] has continued foreclosure other than option to save Plaintiffs' home" (*id.* at 116); "intend[ed] to cause injurie[s] 2008-2023" (*id.* at 117); and "caus[ed] financial injuries, proximately caused bankruptcy and denied options available" (*id*. at 118).

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) based on insufficient pleading under Rule 8, res judicata, and time bars. Defs. Mot. at 10-13.[4] Defendants also move to dismiss Defendant Wells Fargo & Company, the parent company, and raise other challenges in their motion to dismiss. *Id*. at 11, 13-16.

## II. LEGAL STANDARDS

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v.*

---

[4] Because the Court recommends dismissal without leave to amend based on the doctrine of res judicata, the Court declines to address Defendants' other grounds for dismissal.

5

*Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The doctrine of res judicata, also known as claim preclusion, bars a plaintiff from asserting "claims that were, or should have been, advanced in a previous suit involving the same parties." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015); *see Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (where previous judgment was entered in state court, federal courts must apply the preclusion law of the rendering state). California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003). Claim preclusion arises if a subsequent suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal.4th at 824.

**III.    DISCUSSION**

The Court addresses Defendants' motion to dismiss Defendant Wells Fargo & Company, the parent company of Defendant Wells Fargo Bank, and motion to dismiss the complaint on res judicata grounds. Because the Court recommends dismissal of the complaint without leave to amend based on the doctrine of res judicata, the Court declines to address Defendants' other grounds for dismissal and other arguments.

///

6

### A. Dismissal of Defendant Wells Fargo & Company

Defendants contend that Defendant Wells Fargo & Company, which is the parent company of Wells Fargo Bank, is erroneously named as a defendant in this action. Defs. Mot. at 11. Plaintiffs' complaint does not contain any factual allegations establishing that Defendant Wells Fargo & Company was involved in originating, acquiring, or servicing the loans in dispute. Additionally, based upon the judicially noticed documents, it is clear Defendant Wells Fargo & Company was not involved with respect to the loans and is not the real party in interest as the loan holder of the loans at issue. *See* RJN, Exh. D-I; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (when ruling on a motion to dismiss the district court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."); *Omega v. Wells Fargo & Co.*, 2011 WL 4345046, *1 n.1 (N.D. Cal. Sept. 14, 2011) (finding Wells Fargo & Company was not a proper defendant). The Court therefore recommends Defendant Wells Fargo & Company is dismissed with prejudice.

### B. Res Judicata

Defendants also move to dismiss the complaint as barred by res judicata because it substantively raises the same claims as the earlier state action. The Court finds that all claims against Defendant Wells Fargo Bank are barred by res judicata and the complaint should dismissed.

Under California law, courts assess whether a subsequent suit involves the same "cause of action" by analyzing "the primary right at stake." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (quoting *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161, 1170 (2003)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id*. (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983) ). "The fact that various theories of recovery are asserted and various

remedies are requested does not necessarily create different primary rights." *City of Martinez*, 353 F.3d at 762. The focus of the analysis is on "the rights which are sought to be vindicated and the harm for which redress is claimed." *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 182 (2000).

Plaintiffs' federal complaint demonstrate the elements of claim preclusion because it involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal.4th at 824. It is clear the second and third elements of claim preclusion are met as to all present claims against Wells Fargo Bank because the state court rendered a final judgment against the plaintiff in favor of Wells Fargo Bank before plaintiff filed this action. *See DKN Holdings*, 61 Cal.4th at 824; RJN, Exh. K. Plaintiffs do not contest this action involves the same party, Wells Fargo Bank, as the state court action. Additionally, comparing the claims asserted in this action to those raised in the state court action establishes the first element is met as well.

Plaintiffs argue the doctrine of res judicata does not apply here because the current complaint alleges new facts and new theories of law pursuant to federal law and therefore are not barred. Pls. Opp'n at 7-9 (ECF No. 12). This argument fails. "[A] judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though [s]he presents a different legal ground for relief." *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 798 (2010) (quotation omitted). Instead, "[w]hat is critical to the [to the primary right] analysis is the harm suffered; that the same facts are involved in both suits is not conclusive." *San Diego Police Officers' Ass'n*, 568 F.3d at 734. In both the current federal action and the prior state court action, Plaintiffs seek relief for having their loan modification applications denied and for the foreclosure proceedings on their Property. These harms were addressed and denied in the state court. *Compare generally* Compl. *with* RJN, Exh. J. *See also Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 576 (2010) ("If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it could have been

8

raised, the judgment is conclusive on it." (internal quotation omitted)). As a result, the Court finds that Plaintiffs' current federal action is barred based on the doctrine of res judicata and should be dismissed without leave to amend because amendment would be futile.

### C.  Motion for Preliminary Injunction

Plaintiffs' motion for a preliminary injunction seeks to "stop" Defendants from moving forward with a trustee's sale of Plaintiffs' Property that was set to occur on November 30, 2023. (ECF No. 2 at 2.) Defendants indicate a trustee's sale of the property was scheduled for February 1, 2024. Defs. Mot. at 7.

"The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits'." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing *L.A. Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980)); *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010). Because the claims in this federal complaint are barred based on the doctrine of res judicata and amendment would be futile, Plaintiffs' motion for a preliminary injunction is moot, and should be denied.

### IV.  CONCLUSION

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 9) be GRANTED;
2. Plaintiffs' complaint (ECF No. 1) be DISMISSED with prejudice;
3. Plaintiffs' motion for preliminary injunction (ECF No. 2) be DENIED as moot; and
4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply

to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 14, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, coll2676.23