UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY COLLINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO AND COMPANY, et al.,<br><br>Defendants. | No.  2:23-cv-02676-DAD-CSK (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS THIS ACTION<br><br>(Doc. Nos. 2, 9, 20) |

Plaintiffs Steven Ray Collins and Sharon Lavette Collins, proceeding *pro se*, initiated this civil action on November 15, 2023.  (Doc. No. 2.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 15, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 9) be granted and that this action be dismissed with prejudice because (1) defendant Wells Fargo and Company is erroneously named as a defendant in this action; and (2) all claims against defendant Wells Fargo Bank, N.A. are barred by the doctrine of *res judicata*.  (Doc. No. 20.)  Those pending findings and recommendations were served on plaintiffs and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 9.)  On August 29, 2024, plaintiffs filed objections to the findings and recommendations, and defendants filed a response thereto on September 5, 2024. (Doc. Nos. 21, 22.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiffs' objections and defendants' response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.  While plaintiffs' objections are difficult to decipher, they appear to largely reiterate arguments previously made in opposition to the pending motion to dismiss.  For example, plaintiffs contend that the operative complaint alleges new facts and legal theories under federal law, and therefore, that this action should not be barred.  (Doc. No. 21 at 56–61.)  However, this argument was already thoroughly and correctly addressed in the findings and recommendations.  (*See* Doc. No. 20 at 9) ("In both the current federal action and the prior state court action, [p]laintiffs seek relief for having their loan modification applications denied and for the foreclosure proceedings on their Property.  These harms were addressed and denied in the state court.  As a result, the Court finds that [p]laintiffs' current federal action is barred based on the doctrine of *res judicata* and should be dismissed without leave to amend because amendment would be futile.") (internal citations omitted).  In sum, the court finds that plaintiffs' objections provide no basis upon which to reject the findings and recommendations.

Accordingly,

1. The findings and recommendations issued on August 15, 2024 (Doc. No. 20) are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 9) is granted;
3. This action is dismissed with prejudice;
4. Plaintiffs' motion for a preliminary injunction (Doc. No. 2) is denied as having been rendered moot by this order; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 10, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE